c

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **ABRAM CLAYTON AND AMY CLAYTON,** Plaintiffs | **CIVIL ACTION NO. 1:20-CV-00244** |
| **VERSUS** | **JUDGE DRELL** |
| **STEEL WAREHOUSE OF TENNESSEE, L.L.C., *ET AL.*,** Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 10) filed by Plaintiffs Abram Clayton ("Abram") and Amy Clayton ("Amy") (collectively, the "Claytons"). The Claytons assert Defendant Steel Warehouse of Tennessee, L.L.C. ("Steel Warehouse") failed to affirmatively allege in its Notice of Removal (ECF No. 1) the citizenship of its members or the members of Intervenor, Advantage Resourcing America, L.L.C. ("Advantage"). ECF No. 10 at 1. Steel Warehouse opposes, attaching affidavits regarding the citizenship of it and Advantage. ECF No. 12.

Steel Warehouse fails to establish the Court's diversity jurisdiction by a preponderance of the evidence. The Motion to Remand (ECF No. 10) should therefore be GRANTED.

## I.   Background

The Claytons filed a Petition for Damages (ECF No. 1-2) in the Ninth Judicial District Court, Rapides Parish, Louisiana, against Defendants Steel Warehouse, John Doe ("Doe"), and ABC Insurance Company ("ABC Insurance") (collectively,

"Defendants").   ECF No. 1-2.   The Claytons allege damages from an incident on November 15, 2018 (the "accident"), when Abram was assisting in unloading heater coil spools (the "spools") from a truck.

The Claytons contend Steel Warehouse loaded and secured the spools onto a truck bed bound for Hayes Manufacturing ("Hayes"), located in Pineville, Louisiana. (ECF No. 1-2 at 7.  Steel Warehouse and/or Doe packed and loaded the spools vertically, banded them together, and separated them with wooden dunnage in rows of two. *Id.* The Claytons assert this packing and loading configuration was improper and that Steel Warehouse and/or Doe chose not to use a steel rack system to hold the spools in place on the truck bed.  *Id.*

On November 15, 2018, at around 6:30 a.m., Hayes employees started unloading the truck bed.  *Id.*  Two Hayes employees – Abram and his cousin Johnathan Clayton ("Johnathan") – were working to unload the spools.  *Id.*  Abram was on the truck bed and cut the last band off one of the spools.  *Id.*  The Claytons contend that after Abram cut the band, one of the spools started to fall off the truck, and Abram tried to jump off the truck and out of the way. *Id.*  The Claytons assert Johnathan caught Abram as he jumped and tried to move him out of the way.  *Id.* Johnathan was unable to move him completely out of the way and the spool landed on Abram's left and right feet, crushing them.  *Id.* at 8.

The Claytons further contend that Abram's wife Amy, who owned and operated her own hair salon, was forced to close her salon to provide extensive care to Abram.

*Id.*  The Claytons allege Amy has slowly been able to start limited operations to provide some income.  *Id.*

The Claytons allege Abram's injuries and damages were directly caused by the negligent acts and omissions of Steel Warehouse and Doe related to the loading, securing, and shipping of the spools. *Id.* at 10.  The Claytons further allege Doe is negligent for failing to properly secure the spools; failing to properly load the spools; failing to warn Abram, Johnathan, and/or Steel Warehouse of the improper loading of the spools; and assuming the duty to secure the spools, but failing to do so with reasonable care.  *Id.* at 9-10.

The Claytons allege ABC Insurance provided a policy of liability insurance covering the negligence of Steel Warehouse and/or Doe.  *Id.* at 10.  The Claytons allege Abram suffered "personal and bodily injuries, including, but not limited to, both of his lower extremities being crushed, leading to left, below-knee amputation and permanent disability, among other injuries."  *Id.*  Abram seeks compensatory damages for past, present, and future mental pain and suffering; past, present, and future physical pain and suffering; past, present, and future medical expenses; loss of enjoyment of life; loss of earning capacity; and permanent scarring and disfigurement.  *Id.* at 11.  Amy seeks compensatory damages for loss of income by the closure of her hair salon and for her loss of her husband's company, affection, society, and companionship.  *Id.*

Advantage filed a Petition of Intervention (ECF No. 6-1) for reimbursement of indemnity benefits and/or medical benefits paid by Advantage in workers'

compensation benefits on behalf of Abram as a result of the accident.  ECF No. 6-1 at 21.  Advantage asserts it continues to pay workers' compensation benefits.  *Id.*

Steel Warehouse removed, asserting that there is complete diversity among the parties and that the amount in controversy exceeds $75,000.  ECF No. 1.  The Claytons seek to remand for Steel Warehouse's failure to affirmatively plead the citizenship of each of its members and the citizenship of each of Advantage's members.  ECF No. 10 at 1.  Steel Warehouse opposes, attaching affidavits regarding the citizenship of it and Advantage.  ECF No. 12.  Steel Warehouse submits the Affidavit of Gerald F. Lerman ("Lerman") (ECF No. 12-1) and the Affidavit of Joseph G. Glass ("Glass") (ECF No. 12-2).

## II.   Law and Analysis

### A.   Standards governing the Motion to Remand.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress.  *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014).  Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint.  *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Jurisdictional facts are determined at the time of removal, not by subsequent events.  *See La. v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014).  Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *see also Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 65 (5th Cir. 2010) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey*, 719 F.3d at 397 (citations omitted).

"The basis for diversity jurisdiction must be '*distinctly* and *affirmatively* alleged.'" *Menendez*, 364 Fed.Appx. at 65 (citation omitted) (emphasis in original); *see also Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in original). The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. *See Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." *See Int'l Paper Co. v. Denkmann Associates*, 116 F.3d 134, 135, 137 (5th Cir. 1997). The citizenship of a limited liability company ("L.L.C."), a limited partnership, or

other unincorporated association or entity, is determined by the citizenship of all its members. *See Harvey*, 542 F.3d at 1079-80.

**B.**   **Steel Warehouse fails to establish diversity jurisdiction by a preponderance of the evidence.**[1]

The Claytons argue Steel Warehouse failed to meet its burden of proving diversity because it failed to plead the citizenship of each of its members or of each of Advantage's members.   ECF No. 10 at 1.   Steel Warehouse alleged the place of incorporation and the principal place of business for both entities.   ECF Nos. 1 at 3, 10 at 1.   The Claytons contend that because Steel Warehouse and Advantage are limited liability corporations, Steel Warehouse fails to affirmatively allege complete diversity. ECF No. 10 at 1.

Specifically, Steel Warehouse's Notice of Removal (ECF No. 1) alleges it is an L.L.C., incorporated as a domestic corporation, with its principal place of business in the State of Tennessee.   ECF No. 1 at 3.   Steel Warehouse alleges Doe and ABC Insurance are fictitious entities whose citizenship should be disregarded.[2]   *Id.*  Steel Warehouse further asserts Advantage is incorporated as a Delaware corporation and

---

[1] There is no dispute as to whether the amount-in-controversy exceeds $75,000.  ECF Nos 1, 10, 16.  The parties have since then entered a Joint Stipulation (ECF No. 16) that Advantage has paid to or on behalf of Abram the sum of $349,286.46 in workers' compensation benefits as of February 20, 2020 for which they seek reimbursement.  ECF No. 16 at 1.  Therefore, the only issue before the Court is whether there is complete diversity among the parties.

[2] The Claytons do not contest that Doe and ABC Insurance may be disregarded when determining diversity jurisdiction.  ECF No. 10-1 at 2-3.  Rather, the Claytons take issue with the lack of affirmative allegations regarding the citizenship of Steel Warehouse and Advantage.  *Id.* at 4.

has its principal place of business in the State of Ohio. *Id.* Steel Warehouse asserts the Claytons are domiciled in the State of Louisiana. *Id.*

Steel Warehouse opposes remand and submits affidavits establishing the citizenship of Steel Warehouse and Advantage. ECF Nos. 12, 12-1, 12-2. Steel Warehouse submits the affidavit of Lerman (ECF NO. 12-1), the Vice President of Steel Warehouse, who attests that Steel Warehouse was at the time of removal and remains an L.L.C., with two members – Lerman Holding Co., Inc. ("Lerman Holding") and Lerman Enterprises, L.L.C. ("Lerman Enterprises"). ECF Nos. 12 at 2; 12-1 at 1. Lerman attests that Lerman Holding is incorporated in the State of Indiana with its principal place of business in the State of Indiana. ECF Nos. 12 at 2; 12-1 at 1. Lerman further attests that Lerman Enterprises is an L.L.C. with 58 members now and at the time of removal. ECF Nos. 12 at 2-3; 12-1 at 1. Attached to Lerman's affidavit is a list of the 58 members of Lerman Enterprises – all consisting of individuals and their state of citizenship, none being the State of Louisiana. ECF No. 12 at 3; 12-1 at 1.[3] Thus, Steel Warehouse is completely diverse from the Claytons.

Here, Advantage, the workers' compensation intervenor, is aligned as a plaintiff and its citizenship must be diverse from that of all defendants. *See Head v. Chesapeake Operating, Inc.*, Civil Action No. 10-444, 2010 WL 2246394, at * 1 (W.D. La. May 26, 2010). Steel Warehouse submits the affidavit (ECF No. 12-2) of Glass,

---

[3] The list establishes the family members of Lerman Enterprises. ECF No. 12-1 at 4-5. Steel Warehouse establishes that the family members of Lerman Enterprises are citizens of New Jersey, New York, Ohio, Indiana, Florida, Maryland, Israel, District of Columbia, Michigan, and Illinois.

an attorney at Duplass, Zwain, Bourgeois, Pfister, Weinstock, & Bogart.  ECF No. 12-2 at 1.  Steel Warehouse asserts Plaintiff-in-Intervention[4] Advantage is incorporated in and has its principal place of business in the State of Delaware.  ECF No. 12 at 3.  Glass attests that and includes an email (ECF No. 12-2 at 3) from Advantage's attorney Roger A. Javier ("Javier"), stating that at the time of filing the Complaint (ECF No. 1-1), the Intervention (ECF No. 6-1), and the Notice of Removal (ECF No. 1), Advantage was and remains a State of Delaware corporation.  ECF Nos. 12-2 at 2-3.  Glass further attests that Advantage's principal place of business was and remains in the State of Delaware.  *Id.*

The Claytons did not reply to the Opposition (ECF No. 12) or to Steel Warehouse's assertions as to Advantage.  However, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).  This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment."  Id. at 506-07.

The Delaware Secretary of State shows that Advantage is an L.L.C.[5]  Thus, Steel Warehouse must affirmatively allege the citizenship of each of Advantage's members.  *See Harvey*, 542 F.3d at 1079-80.  Steel Warehouse has not done so in its

---

[4] In error, Steel Warehouse refers to Advantage as a Defendant.  ECF No. 12 at 3.  However, Steel Warehouse correctly then alleges Advantage is a Plaintiff-in-Intervention.  *Id.*  Though Steel Warehouse asserts there is complete diversity between the Claytons and "Defendant, Advantage, Inc.," the Court looks to whether the Claytons and Advantage are completely diverse from Steel Warehouse.

[5] *See* https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx.

Notice of Removal (ECF No. 1) or in its Opposition (ECF No. 12). Thus, after review of the record and affidavits, Steel Warehouse fails to establish by a preponderance of the evidence that complete diversity exists between the parties.

## III.   <u>Conclusion</u>

Because Steel Warehouse fails to establish diversity jurisdiction by a preponderance of the evidence;

IT IS RECOMMENDED that the Claytons's Motion to Remand (ECF No. 10) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 10th day of June 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE